2000 OK CIV APP 118

**Dennis R. LEWIS, Plaintiff/Appellant,**

**Vonna Lovett, Plaintiff/Appellant,**

v.

**Neta MORRIS, Defendant/Appellee.**

No. 92,531.

Court of Civil Appeals of Oklahoma,
Division No. 3.

Oct. 5, 2000.

---

W. Dan Nelson, Edmond, Oklahoma, Gary R. Underwood, Helms & Underwood, Oklahoma City, Oklahoma, for Plaintiffs/Appellants.

Nicholas D. Garrett, Joe W. Hamlin, Lawton, Oklahoma, for Defendant/Appellee.

JOPLIN, Judge:

¶ 1 Plaintiffs/Appellants Dennis R. Lewis and Vonna Lovett (Contestants) seek review of the trial court's order permitting payment of appellate attorney's fees from the Estate of Raymond A. Lewis (Decedent) to the Estate's personal representative, Defendant/Appellee Neta Morris (Mrs. Morris). In this appeal, Contestants assert the trial court exceeded its authority in granting payment of Mrs. Morris' appellate attorney's fees from Decedent's estate.

¶ 2 Contestants are Decedent's nephew and niece, the son and daughter of Decedent's pre-deceased brother, and stood to inherit a portion of Decedent's estate under Decedent's Last Will and Testament by right of representation. Mrs. Morris is the niece of Decedent's pre-deceased spouse, Clara, and Mrs. Morris took care of Decedent's person and affairs after Clara's death. Indeed, shortly after Clara's death, Decedent substituted Mrs. Morris for Clara as a joint tenant with right of survivorship on a certificate of deposit and checking account at a local bank.

¶ 3 After Decedent died, the trial court admitted Decedent's Last Will to probate. Contestant Dennis Lewis subsequently challenged the Will as the product of Mrs. Morris' undue influence upon Decedent. In a separate action, Contestants Lewis and Vonna Lovett also sought vacation of the *inter vivos* transfers of the CD and checking account in joint tenancy to Mrs. Morris, also as the alleged product of undue influence upon Decedent.

¶ 4 The trial court consolidated the challenges for hearing on the merits. Upon consideration of the testimony and evidence, the trial court denied the Contestants' challenges to both the Will and *inter vivos* transfers. Contestants appealed the trial court's orders in Supreme Court Case No. 90,751.

¶ 5 Mrs. Morris subsequently filed an application in the trial court seeking permission to use estate assets to pay the attorney's fees for defense of Contestant's appeal in Case No. 90,751. The trial court granted the application, and Contestants filed this appeal challenging the trial court's attorney's fee ruling.[1,2] We have, this date, issued an opinion in Case No. 90,751, affirming the trial court's orders on the merits of Contestant's

1. The Supreme Court previously determined the order of the trial court granting payment of Mrs. Morris' appellate attorney's fees from Decedent's estate to be an interlocutory order appealable by right under 58 O.S.1991 § 721(10).

2. The Oklahoma Supreme Court denied Contestants' motion to consolidate this appeal with Case No. 90,751, but directed assignment of this appeal to the same panel assigned the first appeal.

undue influence challenges, but reversing the trial court's assessment of contest-related attorney's fees under 58 O.S. § 66.

¶ 6 In this related appeal, Contestants first argue the trial court lacked jurisdiction to award attorney's fees and costs for defense of appeal No. 90,751, asserting both Oklahoma statute and Supreme Court rule proscribe awards of appellate attorney's fees by any court other than the appellate courts. *See,* 12 O.S. Supp.1997 § 696.4(C); Sup.Ct.R. 1.14(b), 12 O.S., Ch. 15, App. In this respect, however, there is little doubt that the trial court may direct payment of reasonable attorney's fees from a decedent's estate to attorneys employed by the personal representative for services rendered the estate below and on appeal. 58 O.S. § 525; *Matter of Estate of Bartlett,* 1984 OK 9, 680 P.2d 369; *Matter of Carlin's Estate,* 1977 OK CIV APP 55, 572 P.2d 606. We consequently conclude the trial court possessed the requisite jurisdiction to consider Mrs. Morris' application.

¶ 7 Nevertheless, "only attorney fees incurred which are 'necessary for the preservation and care of the estate and not for representation' in matters unrelated to the administration of the estate can be reimbursed from estate assets." *In re Estate of Estes,* 1999 OK 59, ¶ 35, 983 P.2d 438, 446; *Estate of Bartlett,* 1984 OK 9, ¶ 33, 680 P.2d at 380. Moreover, in the related appeal, we held that 58 O.S. § 66—directing payment of "fees and expenses" by the unsuccessful will contestant if the will is upheld—did not authorize an award of attorney's fees.

¶ 8 In the present case, the dispute between Contestants and Mrs. Morris concerned the existence and effect, if any, of Mrs. Morris' alleged undue influence upon Decedent's *inter vivos* and testamentary transfers. In this respect, we hold that § 525 permits the payment from a decedent's estate of the personal representative's appellate attorney's fees "incurred which [were] 'necessary for the preservation and

care of the estate,'" including here the attorney's fees incurred in the appellate defense of the Contestants' undue influence challenge to Decedent's will. However, neither § 525, nor any other authority we find, permits payment from a decedent's estate of the personal representative's attorney's fees incurred "in matters unrelated to the administration of the estate," and we hold the appellate defense of the trial court's order upholding validity of Decedent's *inter vivos* transfers bears no relationship to the preservation, care or administration of Decedent's probate estate.

¶ 9 In allowing appellate attorney's fees from the estate, the trial court made no threshold determination, implicit in § 525, that the appellate fees were necessarily incurred in the preservation, care or administration of the Decedent's estate. Further, the trial court made no apportionment of those appellate fees related to defense of the will contest, for which we have held § 525 permits an award against the estate, and those appellate fees related to defense of the challenges to the *inter vivos* transfers, for which we have recognized no authority permitting such an award.

¶ 10 Under these circumstances, we consequently hold the order of the trial court granting payment of Mrs. Morris' appellate attorney's fees from the estate should be and hereby is REVERSED, and the cause REMANDED for a determination of an appropriate appellate attorney's fees to be paid from Decedent's estate, but only insofar as those attorney's fees were incurred for the appellate defense of the will contest.

¶ 11 HANSEN, V.C.J., and ADAMS, J., concur.